IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MCA VENTURES, LLC, )<br>d/b/a CAPASSIST, )<br>    )<br>    Plaintiff, )<br>    )<br>v.    ) | Case No. 15-9087-CM |
| MJ ENVIRONMENTAL INC. and )<br>JOSE I. PENA, )<br>    )<br>    Defendants. )<br>_____) | |

## MEMORANDUM AND ORDER

MCA Ventures, LLC, doing business as CapAssist, brings suit against MJ Environmental Inc. ("MJ Environmental") and Jose I. Pena, alleging breach of contract on a future receivables sale agreement. Plaintiff's Motion for Default Judgment Entry (Doc. 7), filed August 10, 2015, is before the court. Plaintiff's motion requests the court to enter default under Federal Rule of Civil Procedure 55(a) and enter judgment under Rule 55(b).

The Federal Rules of Civil Procedure mandate a two-step process for a party seeking a default judgment in its favor. *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the party must request the clerk to enter default on the docket. Fed. R. Civ. P. 55(a); *see also Williams*, 1995 WL 365988, at *1 (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). But, "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2682, at 19 (3d ed. 1998).

Second, following the entry of default, "the party entitled to a judgment by default shall apply to the court." Fed. R. Civ. P. 55(b)(2). If the damages sum is not certain or capable of easy

computation, the court may conduct hearings or order referrals as necessary. *Applied Capital, Inc. v. Gibson,* 558 F. Supp. 2d at 1202; *see* Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995).

Here the court finds the following facts:

1. Plaintiff filed the complaint (Doc. 1) on May 26, 2015. On May 27, 2015, the Clerk of the Court issued a summons to plaintiff's attorney for service of process. The complaint and summons name defendants MJ Environmental and Jose I. Pena. (*See* Docs. 1,3,4.)

2. On June 17, 2015, plaintiff filed proofs of service showing that a process server hand-delivered copies of the summons and complaint to defendants MJ Environmental in care of Jose I. Pena, and to Jose I. Pena personally, on June 4, 2015. (*See* Docs. 3,4.)

3. The summons stated that the defendants must file an answer or motion under Federal Rule of Civil Procedure 12 within twenty-one days of service, or by June 25, 2015. (*See* Docs. 3,4.)

4. Plaintiff alleges that defendant MJ Environmental is a domestic corporation, organized in the state of Massachusetts, with its principal place of business located in Lawrence, Essex County, Massachusetts. (*See* Doc. 1, at 2 ¶ 2.)

5. Plaintiff alleges that defendant Jose I. Pena is an individual residing in Methuen, Essex County, Massachusetts. (*See id.* at 2 ¶ 3.)

6. This court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1); the amount in controversy exceeds $75,000 and the parties are citizens of different states. (*See id.* at 2 ¶ 4.)

7. Defendants have failed to timely answer or otherwise respond to the complaint as of today's date.

Based on these facts, the court concludes that entry of default against defendants MJ Environmental and Jose I. Pena is proper under Federal Rule of Civil Procedure 55(a).[1]

Plaintiff requests the court to "enter a default Journal Entry of Judgment in favor of Plaintiff and against the Defendant MJ and Defendant Pena" for the following damages: (1) the certain sum of $140,025.60; (2) reasonable attorney fees in the amount of $5,000.00; (3) costs; and (4) post-judgment interest at the contract rate. (Doc. 7, at 2.)

In the complaint, plaintiff states that after "all just credits and setoffs, there is an unpaid balance due and owing Plaintiff in the amount of $140,025.60." (Doc. 1, at 3 ¶ 12.) Plaintiff attaches the contract as an exhibit to the complaint, which includes the amount of future receivables sold, the purchase price, the net purchase price, and the daily percentage of future receivables that defendants agreed to remit each day. This component of plaintiff's damages is certain or mathematically calculable. Plaintiff, however, also requests $5,000.00 for "reasonable attorney's fees" and has not submitted any affidavits or other documentation supporting that the requested attorneys' fees are

---

[1] A forum selection clause in the contract at issue states as follows:

> All litigation, suits, court proceedings and other actions (except arbitration) relating to, arising out of or in connection with this Agreement, whether founded in contract or tort, shall be submitted to the in persona jurisdiction of the courts of the State of Kansas and the exclusive venue for all such suits, proceedings and other actions shall be in Johnson County, Kansas. No action may be brought in any other state or jurisdiction.

(Doc. 1-1 ¶ 10.) This federal district court sits in Wyandotte County, Kansas, not Johnson County, Kansas. Therefore, venue is not proper here. *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, (10th Cir. 1992) (affirming district court's remand after defendants removed lawsuit from Johnson County state district court to this court because mandatory forum selection clause provided Johnson County, Kansas as exclusive forum). The court finds, however, that defendants have waived any defense of improper venue by their default. *See Williams v. Lakin*, No. 06-CV-515-GFK-PJC, 2008 WL 1990473, at *2 (D. Okla. May 2, 2008) (noting that by their default, defendants waived possible defense of improper venue based on forum selection clause).

-3-

reasonable.  Plaintiff also has not stated what costs it requests or otherwise supported the request.  For these reasons, the court denies plaintiff's motion for default judgment.  Plaintiff may refile a motion for default judgment and properly support its request as addressed above.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment Entry (Doc. 7), filed August 10, 2015, is hereby **granted in part** and **denied in part**.  The court grants plaintiff's request for entry of default under Federal Rule of Civil Procedure 55(a) and denies without prejudice plaintiff's request for entry of default judgment.  To enter default judgment, the court requires more information under Federal Rule of Civil Procedure 55(b)(2)(D), as addressed above.

Dated this 13th day of October, 2015, at Kansas City, Kansas.

                                                 s/ Carlos Murguia
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**